**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**SOCIAL ENTERPRISE LLC,**

                           **Plaintiff,**

           -against-

**SOCIEDAD AGRICOLA CATO S.A.,**

                           **Defendant.**
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**15-CV-4158 (RJD)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court are motions filed by plaintiff Social Enterprise LLC d/b/a Fair Trade Interrupcion ("plaintiff") for appointment of a special process server and permission to serve process on defendant Sociedad Agricola Cato S.A. ("defendant") in Chile by U.S. post office international mail. See Motion for Issuance of Letters Rogatory (Sept. 1, 2015) ("Pl. Letter"), Electronic Case Filing Docket Entry ("DE") #6; Motion to Serve Process Under Federal R. Civ. P. 4(f)(3) (Sept. 1, 2015), DE #7. For the reasons that follow, plaintiff's motions are denied without prejudice.

      Plaintiff seeks permission to serve defendant, "a corporation domiciled in Chile," by two methods: (1) pursuant to the Inter-American Convention on Letters Rogatory (the "Convention"), Jan. 30, 1975, S. TREATY DOC. No. 27, 98th Cong., 2d Sess. (1984), reprinted following 28 U.S.C. § 1781, whose signatories include the United States and Chile[1]; and (2) by United States Post Office international mail. See Pl. Letter at 1. Plaintiff

---

[1] Chile is not a party to the Hague Service Convention, 20 U.S.T. 361.

complains that compliance with the procedures prescribed in the Convention is likely to take eight months or longer, and that "[s]uch delay is undesirable for both parties." See id. Plaintiff therefore asks the Court to authorize "an expedited method" -- to wit, simultaneous service by international mail. Id.

As a preliminary matter, the Court notes that plaintiff errs in relying exclusively on Rule 4(f)(3) of the Federal Rules of Civil Procedure, which allows service of process on "an *Individual* in a Foreign Country . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3) (emphasis added). Since defendant is an entity, the applicable provision is Rule 4(h)(2), which governs service upon a corporation, partnership or association outside the United States. See Fed. R. Civ. P. 4(h)(2) (incorporating by reference most methods of service prescribed in Rule 4(f)); Advanced Aerofoil Techs., AG v. Todaro, No. 11 Civ. 9505 (ALC)(DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012).

In any event, even overlooking that error, plaintiff's showing in support of its request to circumvent the terms of the applicable treaty is woefully deficient. Courts have discretion under Rule 4 to authorize alternative means of service "not prohibited by international agreement . . . ." Fed. R. Civ. P. 4(f)(3). Plaintiff's application does not, however, address whether service of process via postal channels in Chile is a permissible method of service. Instead, plaintiff simply implies, without more, that the method of international service specified in the governing treaty is not exclusive, see Pl. Letter at 1 (stating that the Convention "outlines the 'formal' method of international service between parties of those

countries"), and describes that method as likely to cause delays of at least eight months, see id.[2]  Nevertheless, absent a showing by plaintiff that Chile allows service of process by international mail,[3] the Court is without discretion to authorize such service.  See generally Balk v. N.Y. Institute of Tech., 974 F.Supp.2d 147, 160 (E.D.N.Y. 2013) (declining plaintiff's proposal to serve subpoena via registered mail in Egypt and requiring service of process in accordance with Hague Service Convention); Advanced Aerofoil, 2012 WL 299959, at *2 (denying motion for alternative service and observing that "district courts cannot circumvent the Hague Convention at whim and authorize alternative

---

[2]  Rather than proffering caselaw or evidentiary materials, plaintiff cites a comment appearing on the website of the United States Department of State that discusses letters rogatory generally, not service of process in Chile; that comment is accompanied by a disclaimer that the information contained therein "may not be totally accurate in a particular case[,]" that "[q]uestions involving interpretation of specific foreign laws should be addressed to foreign attorneys[,]" and that "[t]he U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation."  See Legal Considerations – International Judicial Assistance, http://travel.state.gov/content/travel/english/legal-considerations/judicial/service-of-process.html (last visited Sept. 2, 2015).

[3]  Plaintiff does not reference another portion of the same State Department website, which sets forth the following information with respect to Chile:

> Party to Hague Service Convention?  No
> Party to Hague Evidence Convention?  No
> Party to Hague Apostille Convention?  No
> Party to Inter-American Convention?  Yes
> **Service of Process by Mail?  No**

Legal Considerations – International Judicial Assistance, http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/chile.html (last visited Sept. 2, 2015)  (emphasis added).

service when the foreign state has affirmatively objected to the type of service requested").

Plaintiff's motions are therefore denied without prejudice.

**SO ORDERED.**

**Dated:**    **Brooklyn, New York**
            **September 2, 2015**

                                      /s/ *Roanne L. Mann*
                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**