UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SOCIAL ENTERPRISE LLC, d/b/a
FAIR TRADE INTERRUPCION,

                         Plaintiff,

                -against-

SOCIEDAD AGRICOLA CATO S.A.,

                        Defendant.
-------------------------------------------------------------x

MEMORANDUM
AND ORDER

15-CV-4158 (RJD)

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Once again, this Court is called upon to assist plaintiff Social Enterprise LLC, d/b/a Fair Trade Interrupcion ("plaintiff"), in its attempts to serve process on defendant Sociedad Agricola Cato S.A. ("defendant") in Chile under the procedures established by the Inter-American Convention on Letters Rogatory and Additional Protocol ("IACAP").[1] In a letter motion dated February 12, 2016, plaintiff requested that this Court issue an amended summons, pursuant to Rule 4(a)(2) of the Federal Rules of Civil Procedure. See Motion to Amend/Correct/Supplement Summons (Feb. 12, 2016) ("2/12/16 Letter Motion") at 1, Electronic Case Filing ("ECF") Docket Entry ("DE") #23.[2] Plaintiff also requested that the Court execute Form USM-272A, the official Spanish-language form for the issuance of letters

---

[1] Per a previous Memorandum and Order of this Court, defendant was already served via international Federal Express. See Memorandum and Order (Oct. 6, 2015), Electronic Case Filing ("ECF") Docket Entry ("DE") #10. Defendant has appeared in this action and has not raised an objection to the sufficiency of service or sufficiency of process. See generally Answer (Nov. 10, 2015), DE #13 Nonetheless, plaintiff wishes to serve defendant under the IACAP procedures as well.

[2] Plaintiff makes this request because the original summons "was inadvertently issued with the name and address of the plaintiff's attorney omitted." 2/12/16 Letter Motion at 1.

rogatory under the IACAP.  See id.  The Court denied the 2/12/16 Letter Motion without prejudice, and instructed plaintiff to confer with defendant about the relief sought and to indicate, in any renewed motion, whether defendant consented or objected.  See Electronic Order (Feb. 12, 2016).  On February 16, 2016, plaintiff renewed its request for an amended summons and execution of Form USM-272A, and indicated that defendant consented to these requests.  See Letter to Judge Mann . . . (Feb. 16, 2016), DE #24.

Plaintiff's motion for an amended summons is granted.  The Clerk of the Court is directed to re-issue the summons, see Summons Issued as to Sociedad Agricola Cato S.A., (July 16, 2015), DE #5, to include the following names and address of plaintiff's counsel:

> Neil A. Goldberg, Esq.
> Daniel B. Moar, Esq.
> Goldberg Segalla LLP
> 665 Main Street, Suite 400
> Buffalo, New York 14203

Plaintiff's motion for execution of Form USM-272A is denied without prejudice.  As plaintiff notes in its 2/12/16 Letter Motion, the Court had previously denied plaintiff's motion for execution of an *unofficial* Spanish translation of Form USM-272.  See Memorandum and Order (Nov. 12, 2015) ("11/12/15 M&O") at 3-4, DE #14.  Plaintiff now includes as an exhibit to its 2/12/16 Letter a completed copy of the official Spanish-language version of the form, see Exhibit C to 2/12/16 Letter Motion, DE #23-3, and requests that the Court "sign and seal pages two and five [of that form] (above the words 'Firma y sello del organo jurisdiccional requirente' [Signature and seal of the requesting court])[,]" 2/12/16 Letter Motion at 3.

The Court remains reluctant to give its official approval to a foreign-language document. Though Form USM-272A itself is the official Spanish-language version of a standard document, the information entered into the standardized form appears to have been translated into Spanish by someone affiliated with plaintiff's counsel. Compare Exhibit C to 2/12/16 Letter Motion, DE #23-3 (completed Spanish-language form) with Exhibit B to 2/12/16 Motion, DE #23-2 (completed English-language form already signed and executed by this Court). Exhibit C contains no affidavit from the translator, and the Court -- which is not a Spanish speaker -- cannot independently verify that the translation is accurate.[3] If plaintiff wishes to renew its motion to have the Court execute Form USM-272A, it is ordered to show cause why the Court should do so. Specifically, plaintiff shall cite legal authority in support of the proposition that, under the IACAP, a United States court must execute a foreign-language form in the first instance, as opposed to having its (already-executed) English-language form translated into that foreign language (here, Spanish).[4]

---

[3] A Spanish-speaking member of the Court's staff reviewed Exhibit C; however, this staff member is not a certified translator, nor does he have expertise in the specialized terminology of legal Spanish. Furthermore, Exhibit C was docketed into ECF as a fillable PDF file, with the result that some content is cut off when the file is printed. The same member of the Court's staff addressed this issue with plaintiff's counsel by telephone, after which plaintiff's counsel docketed a new, static version. See Exhibit C to Docket No. 23 (Feb. 17, 2016), DE #25. This newer version still contains some fields in which important content is cut off. See, e.g., id. at 3 ("Los recursos interpuestos o la cantidad en disputa es el siguiente: El demandante solicita un juicio con jurado, daños reales en una cantidad que se cree ser superior a $ 500.000 y[.]").

[4] The Court has already signed and sealed the English-language Form USM-272. See 11/12/15 M&O at 1.

For the foregoing reasons, plaintiff's motion for an amended summons is granted.

Plaintiff's motion for execution of Form USM-272A is denied without prejudice.

        SO ORDERED.

**Dated:**       **Brooklyn, New York**
                **February 17, 2016**

                        /s/ *Roanne L. Mann*
                        **ROANNE L. MANN**
                        **CHIEF UNITED STATES MAGISTRATE JUDGE**